UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ENRIQUE CANALES, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. 6:13-31 |
| | § | CRIMINAL NO. 6:10-17 |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION & ORDER

Petitioner Enrique Canales ("Petitioner") has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and memorandum in support (Dkt. Nos. 64 & 65, respectively). In response, the United States of America ("the Government") moved to dismiss Petitioner's federal habeas petition. (Dkt. No. 70.) Petitioner has not responded to the Government's motion to dismiss.

**I. BACKGROUND**

On March 10, 2010, a grand jury returned an indictment charging Petitioner with possession with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(a). On October 4, 2010, Petitioner entered a guilty plea pursuant to a plea agreement in which he did not waive his right to appeal or collaterally attack his conviction and sentence.

The Court ordered the U.S. Probation Office to prepare a Presentence Investigation Report ("PSI"). The PSI calculated a base offense level of 32. After subtracting three levels for acceptance of responsibility, the total offense level was 29. Petitioner has no criminal history points, resulting in a criminal history level of I. The PSI reported that Petitioner's offense carried

a statutory minimum sentence of 120 months.

At his sentencing hearing on January 3, 2011, Petitioner acknowledged that neither he nor his lawyer had any objections to the findings in the PSI. Before imposing a sentence, the Court asked Assistant United States Attorney Booth whether a "safety valve" sentence reduction was appropriate in Petitioner's case, after which the following dialog occurred:

> MS. BOOTH: Your Honor, we're not – we met with him, and, unfortunately–
>
> THE COURT: You can't–
>
> MS. BOOTH: No.
>
> THE COURT: You can't make a recommendation?
>
> MS. BOOTH: No, sir. But we will – we will internally hold out the opportunity for a Rule 35, if he changes his mind.
>
> THE COURT: Okay. All right. I understand.

(Sentencing Tr., Dkt. No. 55 at 4:6–14.)

The Court sentenced Petitioner to the statutory minimum of 120 months to be followed by 5 years supervised release. The Court subsequently addressed Petitioner concerning a sentence reduction under FED. R. CRIM. P. 35 based on substantial assistance to the Government, telling Petitioner if he "changed his mind" and decided to help the Government, he might be eligible to benefit from Rule 35. Petitioner verified that he was aware of the rule and had discussed it with his counsel. (Sentencing Tr. at 7:9–23.)

Petitioner thereafter appealed his conviction, alleging that he did not knowingly enter into his plea agreement and that his counsel failed to render effective assistance during trial. On February 8, 2013, the United States Court of Appeals for the Fifth Circuit affirmed this Court's judgment. Petitioner filed the instant § 2255 motion on April 9, 2013. It is timely.

## II. PETITIONER'S ALLEGATIONS

Petitioner asserts that his § 2255 motion should be granted based on ineffective assistance of counsel during sentencing. According to Petitioner, competent counsel would have argued that Petitioner qualified for "safety valve" relief, which would have released the Court from the mandatory minimum sentence of 120 months.

The Government moves for dismissal on the grounds that Petitioner's motion fails to show that counsel's conduct was constitutionally deficient and prejudicial to his sentence.

## III. LEGAL STANDARD

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Id.* This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that

3

this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under *Strickland,* the movant must demonstrate that counsel's error led to some increase in the length of his imprisonment. *Glover v. United States*, 531 U.S. 198, 203 (2001); *United States v. Herrera,* 412 F.3d 577, 581 (2005). If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

## IV. ANALYSIS

Petitioner alleges that competent counsel would have objected to the dialog between the Court and the Government at sentencing, asserting that Petitioner did, in fact, qualify for safety valve relief and further supporting that assertion with the facts of the case.

The "safety valve" provision in the Sentencing Guidelines allows the Court to impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence if the Court finds that the defendant meets five conditions, including the following provision relevant here:

> *not later than the time of sentencing, the defendant has truthfully provided to the government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan*, but the fact that the defendant has no relevant or useful information to provide or that the Government is already aware will not preclude a defendant from satisfying this requirement.

18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a) (emphasis added).

At the time of sentencing, Petitioner had provided the Government with some, but not all, of the information he had about the offense. This led the Government to reject a safety valve recommendation but hold out the possibility of a Rule 35 reduction if Petitioner "changed his mind" and chose to provide further information to the Government. Petitioner affirmed his choice to withhold information from the Government by acknowledging his awareness and understanding of his potential Rule 35 eligibility, and he has not provided any argument or evidence showing that he attempted to provide the Government with information at any time after he confessed to agents upon his arrest, as set forth in the PSI.

Because Petitioner did not meet the requisite conditions as set forth in the Sentencing Guidelines, his counsel's conduct in not asserting safety valve eligibility was neither deficient nor prejudicial. Petitioner fails to meet either prong of the *Strickland* analysis and, consequently, is not entitled to relief under §2255 based on ineffective assistance of counsel.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Although Petitioner has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability (COA). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Petitioner is not entitled to a COA as to his claims—that is, reasonable jurists could not debate the Court's resolution of his ineffective assistance of counsel claim.

## VI. CONCLUSION

For the foregoing reasons, the Government's motion to dismiss (Dkt. No. 70) is **GRANTED**, and Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 64) is **DENIED**. Additionally, Petitioner is **DENIED** a Certificate of Appealability.

It is so **ORDERED**.

**SIGNED** this 4th day of August, 2013.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE